UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James Richard Ayre, | ) | C/A No. 0:05-3410-HMH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Versus | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Capt. Barry Currie, Lt. Tony Riley, Sheriff Wayne Dewitt, Rosemary Sanders; Sgt. James Edmonds, Dr. Henry Sparding, and County of Berkeley, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time of the filing of this action was an inmate being held at the Berkeley County Detention Center, alleges violations of his constitutional rights.

The Defendants filed motions to dismiss and/or for summary judgment on March 7, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 9, 2006, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed memoranda in opposition to the Defendants' motions on April 11, 2006. Defendants motions are now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions to dismiss and/or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



1

**Discussion**

Defendants argue in their motions that Plaintiff has failed to set forth sufficient facts to state a claim pursuant to Rule 12(b), Fed.R.Civ.P.[2] When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), and the Federal Court is also charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).  However, after careful consideration of

---

[2]While Defendants also style their motions as being "in the alternative" for summary judgment, Defendants have presented no exhibits or evidence to support a dismissal of this case under Rule 56.  Rather, they have instead submitted only briefs arguing their position.  However, having determined that the verified allegations of Plaintiff's Complaint are sufficient to state a claim against these Defendants; see discussion hereinabove, infra; they are not entitled to summary judgment based on the mere argument that Plaintiff has failed to state a claim, or that they are otherwise entitled to qualified immunity, absent some evidentiary basis for these positions.  See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].



Defendants' arguments and the allegations of the Complaint pursuant to the liberal standard to which Plaintiff is entitled, the undersigned finds that Defendants' motions should be denied.

Plaintiff alleges in his verified Complaint that (at the time of the filing of the Complaint) he was incarcerated at the Berkeley County Detention Center, where he was being housed under unconstitutional conditions. Specifically, Plaintiff claims that he was being improperly held in violation of the Interstate Agreement on Detainers following extradition from the Michigan Department of Corrections (an issue Defendants do not even address in their briefs), that he was not being given proper medications or medical care, had not been advised of the results of his TB test, that he has been subjected to overcrowding and being held in unsanitary, unhealthy conditions without proper opportunities for recreation or exercise, that his cell door could be opened by other inmates with plastic spoons and there was insufficient staff available to provide for the safety of inmates and to prevent violence, and numerous other alleged constitutional violations.[3] While these allegations obviously have not been proven, they are sufficient to set forth a claim under § 1983. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) [overcrowding combined with unsanitary conditions can be unconstitutional]; Delgado v. Cady, 576 F.Supp. 1446 (E.D.Wis. 1983) [prison overcrowding may result in constitutional violation under certain circumstances]; West v. Edwards, 439 F.Supp. 722 (D.S.C. 1977) [same]; Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) [discussing claim based on general conditions of confinement]; Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003) [violations of extradition law can serve as a basis for a claim under § 1983]; *cf.* Belcher v. Oliver, 898 F.2d 32, 34 (1990) ["the Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to

---

[3]In addition to making allegations about his own conditions of confinement, Plaintiff also makes several claims in his Complaint concerning allegedly unconstitutional conditions of confinement being experienced by *other* inmates at the jail. Plaintiff cannot, however, assert claims on behalf of these other inmates in his Complaint. Hummer v. Dalton, 657 F. 2d 621 (4th Cir. 1981) [A prisoner proceeding *pro se* may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights.].



3

any serious...needs of the detainee"].[4]  Further, as government employees, all of the named natural Defendants are subject to suit under § 1983.  Gomez v. Toledo, 446 U.S. 635, 640 (1980) [A plaintiff states a cause of action under 42 U.S.C. § 1983 where he alleges that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law]; West v. Atkins, 487 U.S. 42, 43 (1988) [physician who was under contract with state to provide medical services to inmates at state prison hospital on part-time basis acted under color of state law, within meaning of § 1983, when he treated inmate].  Counties can also be held liable in § 1983 actions.  Owen v. City of Independence, 445 U.S. 622 (1980); Newport v. Fact Concerts, 453 U.S. 247 (1981); Sims v. Greenville County, No. 99-1732, 2000 WL 380122 (4th Cir. Apr. 14, 2000).

Defendants' argument that this case should be dismissed on the grounds of qualified immunity is also without merit.  Under the doctrine of qualified immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  However, as noted by the cited caselaw, it was certainly clearly established at the time of the filing of Plaintiff's complaint that an inmate's constitutional rights could be violated if government officials allowed him or her to be kept in unsanitary, dangerous, or otherwise unlawful conditions of confinement. Therefore, since Plaintiff's allegations, if true, may amount to violations of Plaintiff's constitutional rights, the Defendants are not entitled to dismissal as party Defendants on the grounds of qualified immunity.  Falzone, 776 F.Supp. At 890 [Rule 12 motion can be granted only if no relief could be granted under any set of facts that could be proved].

---

[4]Plaintiff asserts in his Complaint that he is not a pretrial detainee.  Therefore, his claim is evaluated under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Sykes v. Horry County Detention Center, No. 04-2329, 2006 WL 2827709 at *5 (D.S.C. Sept. 28, 2006).



4

Finally, Defendants also argue that this action is subject to dismissal due to Plaintiff's failure to exhaust his administrative remedies prior to bringing to this lawsuit, as required by 42 U.S.C. § 1997e. Defendants are correct in stating that, pursuant to § 1997e(a), "[n]o action shall be brought with respect to prison conditions[5] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." However, it is the Defendants who have the burden of showing that Plaintiff has not exhausted his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be pled and proven by the Defendant]. Defendants have failed to meet this burden.

Plaintiff states in his verified Complaint that he filed "multiple" grievances concerning his claims from July 2005 through November 2005, but that he never received any final disposition of any of his grievances. See Complaint, p. 2[6]. Plaintiff even argues in his response to the Defendants' motions that, on one occasion, the Defendant Rosemary Sanders responded to a grievance by answering "so sue". Hence, while the Plaintiff states in his verified Complaint that he did attempt to exhaust his administrative remedies, without success, the

---

[5] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See also Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

[6] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a dispositive motion filed by a defendant when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



5

Defendants have provided no affidavits or other documentary evidence to support their argument that Plaintiff failed to exhaust his administrative remedies. Therefore, the Defendants are not entitled to dismissal of this action on the grounds that Plaintiff has failed to exhaust his administrative remedies. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [following the lead of the...other circuits that have considered the issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]; cf. Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) [holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **denied**. If the Court adopts this recommendation, the undersigned will enter a pretrial briefing order setting forth deadlines for the parties to file properly supported Rule 56 motions for summary judgment, if they desire to do so.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

November 8, 2006
Columbia, South Carolina



6

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
