IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James Richard Ayre, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:05-3410-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Captain Barry Currie; Lt. Tony Riley; | ) | |
| Sheriff Wayne Dewitt; Sgt. Rosemary | ) | |
| Sanders; Sgt. James Edmonds; | ) | |
| Sgt. Collins; Sgt. Glesner; | ) | |
| Dr. Henry Sparding; County of | ) | |
| Berkeley, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] James Richard Ayre ("Ayre"), proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Marchant recommends (1) granting Dr. Henry Spradlin's[2] ("Dr. Spradlin") motion for summary judgment, (2) granting the remaining Defendants' (collectively "Defendants") motion for summary judgment with respect

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Dr. Spradlin's name is misspelled as "Sparding" in the complaint.

1

to (a) all claims for injunctive and/or declaratory relief, (b) all claims for monetary damages arising out of the conditions of Ayre's confinement while at the Berkeley County Detention Center ("BCDC"), (c) all claims for monetary damages with respect to Ayre allegedly having been charged $40.00 for a public defender; (3) maintaining Sheriff Wayne Dewitt ("Sheriff Dewitt") as a defendant in Ayre's remaining claim that he was booked into the BCDC in violation of the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 (2000); and (4) dismissing all other Defendants from the instant action.  (Report and Recommendation 16-17.)

## I. Factual and Procedural Background

Ayers is currently incarcerated in the Ionia Correctional Facility in Ionia, Michigan. On June 19, 2005, he was extradited from Michigan to South Carolina on general sessions charges for which detainers had been lodged against him.  (Compl. 3.)  While in South Carolina, Ayers was incarcerated in the BCDC.

Ayers alleges that Berkeley County Sheriff's officers booked him into the BCDC on misdemeanor bench warrants and family court bench warrants and that he "was subsequently sentenced in Family Court on June 20, 2005, and in Summary/Magistrate Court on July 21, 2005" for these charges.  (Id.)  Ayers claims that "via the above proceedings the County of Berkeley did violate [his] rights to limited prosecution, per the Interstate Agreement on Detainers [Act]" ("IADA"), because the IADA "protects extradited defendants from being prosecuted on charges for which a detainer was not issued."  (Id.)  In addition, Ayers asserts various allegations concerning the conditions of his confinement while incarcerated at the BCDC.  (Id. 3-15.)

## II. Objections

Ayre and the Defendants filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Ayre's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Ayre asserts that in addition to maintaining Sheriff Dewitt as a defendant with respect to Ayre's IADA claim, Captain Barry Currie ("Captain Currie"), Lieutenant Tony Riley ("Lt. Riley"), and Berkeley County should also remain as defendants with respect to this claim. (Ayre's Objections 3-4.) In addition, the Defendants object to the Magistrate Judge's recommendation that Sheriff Dewitt be maintained as a defendant with respect to Ayre's IADA claim and assert that summary judgment should be granted with respect to all Defendants. (Defs.' Objections, generally.)

## III. Discussion of Law

"The [IADA] is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States." Carchman v. Nash, 473 U.S. 716, 719 (1985). It "is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, §

3

10, cl. 3, and thus is a federal law subject to federal construction." Id. Article IV of the IADA "provides the means by which a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence for disposition of the outstanding charges." United States v. Mauro, 436 U.S. 340, 351 (1978). Pursuant to Article V of the IADA,

> [t]he temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction.

18 U.S.C. App. 2, § 2, Art. V(d) (2000).

In his complaint, Ayre alleges that once he arrived in South Carolina from Michigan, pursuant to a transfer under Article IV of the IADA, he was improperly booked into the BCDC on, and prosecuted for, charges for which detainers were not filed. (Compl. 3.) However, Ayre does not contest that he was properly extradited from Michigan and detained in the BCDC based on the general sessions charges contained in the detainers. Therefore, to the extent Ayre alleges that his booking and detention at the BCDC form the basis for his § 1983 claim, Ayre fails to show that he suffered any injury as a result of the additional charges that allegedly violated the IADA.[3]

---

[3] In addition, although the Defendants did not raise the issue, it appears as though Ayre's claims against Sheriff Dewitt, Captain Currie, and Lt. Riley are barred by the Eleventh Amendment. See McCall v. Williams, 52 F. Supp. 2d 611, 616, 622 n.16 (D.S.C. 1999) (holding that the Eleventh Amendment bars any § 1983 damages claim in federal court against a sheriff and deputy sheriff in their official capacities). Ayre has previously conceded that in their individual capacities, these three defendants are entitled to qualified immunity and that he would only "refer to them as actors on behalf of any entity defendant they may represent . . . ." (Ayre's Mem. Opp'n Defs.' Mot. Dismiss 2.)

The only cognizable injury possibly alleged by Ayre is that pursuant to the IADA, he was wrongfully prosecuted for the two additional charges not contained in the detainers. Ayre asserts that Berkeley County is the defendant responsible for his wrongful prosecution. As stated above, Ayre states in his complaint that Berkeley County violated his "rights to limited prosecution." (Compl. 3.) Further, Ayer acknowledges in his objections that "the real IAD[A] violation is the improper prosecution of the Plaintiff. Prosecution is NOT the responsibility of the sheriff. Prosecution is the responsibility of the county in which an individual is charged . . . ." (Ayre's Objections 4.)

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell v. Dep't Soc. Servs., 436 U.S. 658, 694 (1978). "The clearest way to make such a showing is when the [local government] or one of its agencies has adopted an unconstitutional policy, ordinance, regulation or decision. Absent a specific policy, liability must be premised on a . . . 'custom' or 'usage' so prevalent that it is the equivalent of policy." Nelson v. Strawn, 897 F. Supp. 252, 259 (D.S.C. 1995), vacated in part on other grounds, 78 F.3d 579 (4th Cir. 1996). Ayre has made no allegations which could support a finding that his improper prosecutions were the result of the execution of a Berkeley County policy or custom. Therefore, Berkeley County is entitled to summary judgment. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation in part.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 69, is granted. It is further

**ORDERED** that Dr. Spradlin's motion for summary judgment, docket number 67, is granted. It is further

**ORDERED** that Dr. Spradlin's motion to dismiss, docket number 55, is moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 31, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.